UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASPER JOHN RIGAMER, ET AL          CIVIL ACTION

VERSUS                              NO. 07-5284

FARMERS INSURANCE COMPANY           SECTION "C"


ORDER AND REASONS

This matter comes before the Court on motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted filed by the defendant, Department of Homeland Security, on behalf of the Federal Emergency Management Agency ("FEMA"), administrator for the National Flood Insurance Program ("NFIP"). Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff sues for Katrina-related damages allegedly covered by its Standard Flood Insurance Policy ("SFIP") issued by NFIP. The undisputed facts indicate that after investigation of the loss, the defendant paid $163,182.93 for building loss and $44,100.00 for contents to the plaintiffs on February 8, 2006. The plaintiffs cashed that check in February 2006 and submitted no further proof of loss or other documentation

1

regarding the payment. On August 30, 2007, the plaintiffs sued their homeowners insurance carrier, Farmers Insurance Exchange. The complaint was amended to add FEMA on August 11, 2008, and FEMA was served in March 2009. The amended complaint seeks the balance of the structural flood insurance coverage. FEMA argues in this motion that the plaintiffs' failure to file a proof of loss within the one year SFIP deadline with the FEMA waiver[1] under Art. VII(J)(4) and VII(R) of the SFIP[2] and under

---

[1] On August 31, 2005, David Maurstad, Acting Federal Insurance Administrator, waiving the requirement that the insured file a proof of loss prior to receiving insurance proceeds, and allowing as follows"
> In the event a policyholders disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policy holder may file a lawsuit against the insurer within one year of the date of written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.
> (Rec, Doc. 15, Exh. 3). See *Eichaker v. Fidelity National Property & Casualty Insurance Co.*, 2008 WL 2308959 (E.D.La.).

[2] Article VII(J)(3) of the SFIP requires the policyholder to "[p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts, and related documents" in conjunction with the proof of loss. Article VII(J)(4) requires the proof of loss which provides certain specified information, including "specifications of damaged building and detailed repair estimates." Article VII(R) precludes suit "unless you have complied with all the

2

the deadline in 42 U.S.C. § 4072 requires dismissal.[3]

The Court need not go further than examining the timeliness issue. No proof of loss in proper form was filed by the plaintiff after receiving payment in February 2006. In addition, there is no evidence that the defendant otherwise waived the requirement that a proof of loss be submitted in a timely manner or in proper form. The fact that the plaintiff had previously dealt with the adjusters with regard to the initial claim is of no moment; FEMA's August 31, 2005, waiver provided the extended deadline for filing the supplemental proof of loss was conditioned on full compliance with the SFIP requirements. "Under FEMA regulations, strict adherence is required to all terms of the SFIP." *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity National Insurance Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008), quoting *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

In addition, Section 4072 provides a limited waiver of FEMA's sovereign

---

requirements of the policy."

[3]   Section 4072 provides that the Director has the authority to adjust and pay losses covered by flood insurance, and further provides:
> ... upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim[.]

immunity for "direct" flood policies to allow one year after receiving written notice of disallowance or after the claimant refuses to accept the amount allowed.  The plaintiffs here cashed the defendant's check in February 2006, and were silent until they amended their complaint to add FEMA in August 2008, well beyond the statutory deadline.  Subject matter jurisdiction is lacking.

Accordingly,

IT IS ORDERED that the motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted filed by the defendant, Department of Homeland Security, on behalf of the Federal Emergency Management Agency ("FEMA"), administrator for the National Flood Insurance Program is GRANTED.   (Rec. Doc. 33).

New Orleans, Louisiana, this 6th   day of July, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE